HEIRS OF OLIVER H. SPENCER *v.* EXECUTORS OF JOHN MCDONOGH et al.

A *curator ad hoc,* whose appointment is superseded before trial, has no capacity to take an appeal, and the subsequent filing of an appeal bond by the proper agents of the party in interest, without a petition and citation, or motion for an appeal, will not constitute a valid appeal.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
   *G. B. Duncan,* for plaintiffs. *Bonford* and *Livingston,* for defendants and appellants.

BUCHANAN, J. It is needless to examine this motion as to the city of New

Orleans, appellant, for although there are many supposable cases where the previous authorization, by resolution, of the City Council, would be required for the institution of a suit, yet when a suit is instituted against the city, and has been defended in the lower court by the City Attorney, whose quality is not disputed, it will be inferred that he has been authorized to carry the case by appeal to the Supreme Court, in case of a judgment adverse to the city.

But as to the city of Baltimore, the petition of appeal has been presented by one evidently without capacity—a curator *ad hoc* appointed by the court in the first stages of the suit, whose appointment had been superseded before the trial of the cause.

An attempt has been made to cure this defect by giving an appeal bond, under an order of the District Court, in the name of the agents of the city of Baltimore residing in New Orleans.

But it is clear that the requirements of the law, for a valid appeal, have not been fulfilled.

There are only two modes of appealing known to the law, to wit: by petition and citation, according to the Code of Practice; and by motion, according to the Act of 1843.

In this case, the appeal was by petition and citation; *a petition*, filed on the 29th March, 1856, purporting to be that of "the city of Baltimore, represented by *J. Livingston*, the attorney appointed to represent the city of Baltimore"— and we have already seen that *Mr. Livingston* had, at that time, no capacity to represent the city of Baltimore; *a citation* issued upon that petition, and served the 2d April, 1856.

When (upon a motion of appellees to dismiss the appeal, among other grounds, because *Mr. Livingston's* appointment of curator *ad hoc* had been superseded, and his consequent want of capacity to represent the city of Baltimore in taking an appeal) the District Court rendered its judgment, on the 8th April, 1856, allowing the city of Baltimore to file another appeal bond, signed by its proper representatives, a petition was presented on the 12th April in the following words:

"To the Honorable Judge of the Fifth District Court of New Orleans, the petition of *Brantz Meyer*, *J. L. Peterkin* and *W. L. Emory*, representing the city of Baltimore, respectfully represents, that in obedience to the order of the court, made on motion to dismiss the appeal herein taken in the name of *J. Livingston, Esq.*, curator *ad hoc*, they present the annexed appeal bond, and pray that the same be filed in conformity with said order. And they pray for general relief."

This petition is, in no sense, a petition of appeal. Code Practice, Art. 573. It asked for no citation to be issued, and no citation was in fact issued upon it, neither was any motion made for an appeal. We have, therefore, before us no appeal on behalf of the city of Baltimore in either of the modes recognized by law. The only petition and citation of appeal in the record, are nullities, which never bound the city of Baltimore, and cannot therefore be considered as binding upon the plaintiffs.

Rule absolute and appeal dismissed as to the city of Baltimore; and rule discharged as to the city of New Orleans.